IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv326

| | |
|---|---|
| GREGORY CARTER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action was filed on behalf of approximately forty-nine individuals against Defendant Bank of America and three individual Defendants. After an independent review of the factual allegations in the Complaint, the Court questioned whether the Plaintiffs are properly joined under Rule 20 and directed the parties to show cause in writing whether the Court should sever the Plaintiffs in this case and require each Plaintiff to file a separate complaint and pay the requisite filing fee. Upon a review of the record in this case and the parties briefs, the Court **SEVERS** all the claims asserted by the Plaintiffs.

**I.    Background**

Plaintiff Gregory Carter and forty-eight other individuals brought this action against Defendant Bank of America, Mindy Johnson, Andrea Dickens, and Ronald

1

Berg. All of the claims stem from the purchase of lots or the refinancing of lots in two failed real estate developments - River Rock and Grey Rock. (Pls.' Compl. ¶1.) The sprawling Complaint asserts ten causes of action:

(1) Count One asserts a claim under the Interstate Land Sales Act against all Defendants;

(2) Count Two asserts a claim for violation of the North Carolina Deceptive Trade Practices Act against Defendant Bank of America;

(3) Count Three asserts a claim for negligent misrepresentation against Defendant Bank of America;

(4) Count Four asserts a fraud claim against Defendant Bank of America;

(5) Count Five asserts a negligent misrepresentation claim against Defendant Johnson;

(6) Count Six asserts a fraud claim against Defendant Johnson;

(7) Count Seven asserts a negligent misrepresentation claim against Defendant Dickens;

(8) Count Eight asserts a fraud claim against Defendant Dickens;

(9) Count Nine asserts a negligent misrepresentation claim against Defendant Berg;

(10) Count Ten asserts a Fraud claim against Defendant Berg.

**II. Analysis**

Rule 20 provides that persons may join in one action as plaintiffs where the claims arise "out of the same transaction, occurrence, or series of transactions or

2

Case 1:11-cv-00326-GCM-DLH   Document 32   Filed 06/11/12   Page 2 of 7

occurrences" and "any questions of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Joinder is not a substantive right; rather, joinder is a procedural mechanism that allows parties with similar substantive claims to jointly enforce them. Saval v. BL Ltd., 710 F.2d 1027, 1030 (4th Cir. 1983). Where a party is improperly joined, the Court may on its own or on the motion of one of the parties, add or drop a party. Fed. R. Civ. P. 21. In addition, the Court may sever any claim against a party. Id.

Courts analyze the "transaction or occurrence" test of Rule 20 on a case by case basis. Saval, 710 F.2d at 1031; Slep-Tone Entm't Corp. v. Mainville, No. 3:11cv122, 2011 WL 4713230, at *4 (W.D.N.C. Oct. 6, 2011) (Mullen, J.). As the Fourth Circuit has explained:

> The "transaction or occurrence test" of the rule would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary. Further, the rule should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.

Saval, 710 F.2d at 1031 (internal quotations and citations omitted); see also USX Corp. v. Carbon Fuel Co., 876 F. Supp. 414 (S.D. W. Va. 1994); Slep-Tone, 2011 WL 4713230, at *4.

Recently, Judge Reidinger addressed the issue of whether plaintiffs should be severed in three substantially similar cases arising out various failed real estate

3

developments. See Abatemarco v. Legasus of North Carolina, LLC, No. 1:11cv23 (W.D.N.C. Jun. 1, 2012) (Reidinger, J.); Bernard v. Suntrust Banks, Inc., No. 1:11cv289 (W.D.N.C. Jun. 6, 2012) (Reidinger, J.); Alvarez v. Wells Fargo Bank, N.A., No. 1:11cv306 (W.D.N.C. Jun. 6, 2012) (Reidinger, J.). As Judge Reidinger explained in Abatemarco:

> Beyond the mere fact that the Plaintiffs are all purchasers in the same subdivision, however, there is little commonality between the Plaintiffs' claims. Each of the claims arise out of the purchase of a separate lot (or lots) that were purchased at different times and relate to financing that occurred, if at all . . ., under circumstances entirely different from every other lot purchase. To the extent that the Plaintiffs assert claims based on misrepresentations and fraud, such claims are entirely dependent on facts specific to each Plaintiff, such as the particular misrepresentation made and the reasonableness of any reliance by the particular Plaintiff on such misrepresentation.

No. 1:11cv23, slip op. at 8-9. Similarly, Plaintiffs' claims should be severed in this case because the claims are all based on numerous independent real estate and financial transactions that each of the Plaintiffs engaged in over the course of several years. Although each transaction involved property in either Grey Rock or River Rock, the transactions are all separate. In fact, Plaintiffs pled the factual allegations as to each Plaintiff independently, as if they were separate lawsuits. (Pls.' Compl. ¶¶ 150-441.) Moreover, it appears to the Court that Plaintiffs' deceptive trade practices act, negligent misrepresentation, and fraud claims, will

4

each depend on the specific factual allegations unique to each Plaintiff. For example, in order to prevail on Plaintiffs' fraud claims, each Plaintiff will have to demonstrate the specific misrepresentations made to him and her and show that he or she relied on that misrepresentation in refinancing or purchasing the lot. Put simply, the claims in this case lack the element of commonality necessary to join claims under Rule 20.

In addition, as a result of the uniqueness of each Plaintiffs' claim, any trial in this case would require that the Court hold a "mini-trial" for each individual Plaintiff. These "mini-trials" would require separate evidence and testimony. As Judge Reidinger explained in <u>Abatemarco</u>, the holding of such a trial would place a substantial burden on the Court and would hinder the fair administration of justice. No. 1:11cv23, slip op. at 9.

Moreover, as Judge Reidinger and Judge Mullen recently noted, the filing of a single lawsuit containing what are, in fact, separate lawsuits creates inaccurate filing statistics for this District, which could impact the resources allocated to the District. <u>Id.</u> at 9-10; <u>Slep-Tone</u>, 2011 WL 4713230, at *5 n.3. Finally, the lumping of over forty separate lawsuits into a single action avoids the obligation of Plaintiffs to pay the individual filing fee and fails to compensate the Court for the drain on judicial resources created by these actions. <u>Abatemarco</u>, No. 1:11cv23,

5

slip op. at 10.

Upon a review of the record in this case, the Court finds that no legitimate reason exist for the continued joinder of these claims into a single action. Accordingly, the Court **SEVERS** all the claims asserted by the Plaintiffs other than Gregory Carter. Each Plaintiff must file a separate complaint and pay the requisite filing fee in order to assert their claims.

### III. Conclusion

The Court **SEVERS** all the claims asserted by the Plaintiffs other than Gregory Carter. Plaintiffs shall have thirty (30) days from the entry of this Order to pay the requisite filing fee. Upon payment of this fee, the Court will allow each Plaintiff to file a separate complaint asserting claims based upon the particular lot purchased or refinanced by that particular Plaintiff. In addition, the Court **DIRECTS** Plaintiff Carter to file an Amended Complaint within thirty (30) days of the entry of this Order containing only allegations related to him and removing all factual allegations related to the other Plaintiffs. Finally, the Court **DENIES without prejudice** the Motions to Dismiss [# 20 & # 22]. Upon the filing of the Amendment Complaint, Defendants can renew their motions.

Signed: June 8, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge

7